IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01734-PAB-BNB

DANIEL LEROY RHODEN,

    Plaintiff,

v.

RYAN O'HAYRE, in his individual capacity, and
STUART RUYBAL, in his individual capacity,

    Defendants.

---

# ORDER

---

    This matter is before the Court on Defendants [sic] Motion for Clarification of the Courts [sic] March 8, 2013 Order (ECF No.51) [Docket No. 53] filed by defendants Ryan O'Hayre and Stuart Ruybal.  In its March 8, 2013, Order [Docket No. 51], the Court denied defendants' motion to dismiss plaintiff's constitutional claims and his tort claims for false imprisonment, assault and battery, and intentional infliction of emotional distress against Officers O'Hayre and Ruybal.  Docket No. 151 at 16.  Defendants filed the instant motion to clarify the Court's disposition of plaintiff's claim that Officers O'Hayre and Ruybal are liable for the tort of extreme and outrageous conduct.  Docket No. 30 at 10, ¶¶ 51-54.

    In Colorado, the tort of extreme and outrageous conduct has three elements: (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in such conduct recklessly or with the intent of causing plaintiff severe emotional distress; and (3) the defendant's conduct caused plaintiff to suffer severe emotional

distress. *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 882 (Colo. 1994) (citing the Restatement (Second) of Torts § 46 (1965)). The tort of intentional infliction of emotional distress is defined by the same three elements. *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999) ("In *Rugg v. McCarty*, 476 P.2d 753, 756 (1970), we approved the definition of this tort as set out in the Restatement (Second) of Torts § 46 (1965): 'One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.'").

Thus, Colorado courts treat these torts as a single cause of action. *See, e.g.*, *Han Ye Lee v. Colo. Times, Inc.*, 222 P.3d 957, 966-67 (Colo. App. 2009) ("The elements of the tort of intentional infliction of emotional distress, otherwise known as 'outrageous conduct,' are (1) the defendant engaged in extreme and outrageous conduct; (2) recklessly or with the intent of causing the plaintiff severe emotional distress; (3) causing the plaintiff to suffer severe emotional distress."); *McKelvy v. Liberty Mut. Ins. Co.*, 983 P.2d 42, 44 (Colo. App. 1998) ("Intentional infliction of emotional distress/outrageous conduct requires proof that the defendant engaged in extreme and outrageous conduct, recklessly or with the intent of causing the plaintiff severe emotional distress, and that the plaintiff incurred severe emotional distress as a result of defendant's conduct."). Given the substantive identity of the two claims, plaintiff's claim for extreme and outrageous conduct necessarily survives against officers Ruybal and O'Hayre for the same reasons that plaintiff's claim for intentional infliction of emotional distress survives. *See* Docket No. 51 at 12-15. Accordingly, it is

**ORDERED** that Defendants Motion for Clarification of the Courts March 8, 2013 Order (ECF No.51) [Docket No. 53] is GRANTED.  It is further

**ORDERED** that Defendants the City of Lakewood, Colorado, Kevin Paletta, Ryan O'Hayre and Stuart Ruybal's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No.30) [Docket No. 36] is DENIED with respect to plaintiff's claim against Officers O'Hayre and Ruybal for extreme and outrageous conduct.

DATED April 9, 2013.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge